UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARY THOMAS,<br><br>                       Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>                       Respondent. | Case No.: 3:16-cv-02986-WQH-NLS<br><br>**ORDER:**<br>**(1) EXTENDING DEADLINE FOR PETITIONER TO FILE TRAVERSE;**<br>**(2) DIRECTING CLERK OF COURT TO PROVIDE A SECOND COPY OF COURT'S JANUARY 23, 2017 ORDER; AND**<br>**(3) DENYING PETITIONER'S REQUEST FOR COUNSEL**<br><br>**(Dkt. No. 11)** |

### I. Petitioner's Deadline to File a Traverse

On April 5, 2017, Petitioner filed a letter stating he is aware that Respondent filed an Answer to the Petition. Petitioner states, however, that he has not received an "Order to Show Cause," and thus has not received any direction from the Court regarding when his reply to Respondent's Answer is due.

The Court has not issued any Order to Show Cause. The Court has, however, previously issued an Order that set forth deadlines, including Petitioner's deadline to reply to Respondent's Answer. In particular, on January 23, 2017, the Court issued an

1

Order setting Respondent's deadline to respond or move to dismiss the Petition by March 27, 2017. (Dkt. No. 6.) That Order also set Petitioner's deadline to file his response, if any, by April 27, 2017. (Id.) The docket reflects that Petitioner was served with the Court's Order via U.S. Mail Service. However, because Petitioner apparently did not receive a copy of the Order, the Court will direct the Clerk of Court to provide another copy, and the Court will also provide a brief extension on Petitioner's deadline to file his Traverse to the Answer.

## II. Petitioner's Request for Counsel

In a single sentence in his letter, Petitioner also asks the Court to appoint counsel in this matter "given the complexity of the issue." (Dkt. No. 6.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id.* at 1177. When no evidentiary hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process violations. *Chaney*, 801 F.2d at 1196; *Terrovona,* 912 F.3d at 1181.

At this point the issues do not appear so complex such that Petitioner cannot litigate them. Also, it is not evident at this time that an evidentiary hearing is necessary. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel.

## III. Conclusion

For the foregoing reasons, the Court **ORDERS** that:

1. The Clerk of Court is directed to provide another copy of the Court's January 23, 2017 Order (Dkt. No. 6) along with this Order;

2

3:16-cv-02986-WQH-NLS

Order setting Respondent's deadline to respond or move to dismiss the Petition by March 27, 2017. (Dkt. No. 6.) That Order also set Petitioner's deadline to file his response, if any, by April 27, 2017. (Id.) The docket reflects that Petitioner was served with the Court's Order via U.S. Mail Service. However, because Petitioner apparently did not receive a copy of the Order, the Court will direct the Clerk of Court to provide another copy, and the Court will also provide a brief extension on Petitioner's deadline to file his Traverse to the Answer.

## II. Petitioner's Request for Counsel

In a single sentence in his letter, Petitioner also asks the Court to appoint counsel in this matter "given the complexity of the issue." (Dkt. No. 6.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id.* at 1177. When no evidentiary hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process violations. *Chaney*, 801 F.2d at 1196; *Terrovona,* 912 F.3d at 1181.

At this point the issues do not appear so complex such that Petitioner cannot litigate them. Also, it is not evident at this time that an evidentiary hearing is necessary. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel.

## III. Conclusion

For the foregoing reasons, the Court **ORDERS** that:

1. The Clerk of Court is directed to provide another copy of the Court's January 23, 2017 Order (Dkt. No. 6) along with this Order;

2. If Petitioner elects to file a Traverse to matters raised in the Answer, his Traverse deadline is extended from April 27, 2017 to **May 11, 2017**; and

3. Petitioner's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 11, 2017

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge