UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARY THOMAS,<br><br>                     Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>                     Respondent. | Case No.: 3:16-cv-02986-WQH-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS** |

Petitioner Steven Thomas, a state prisoner proceeding *pro se* and *in forma pauperis,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a single ground for relief, namely, that his sentence of life without the possibility of parole, for a crime he committed while aged 20, violates the Eighth Amendment proscription against cruel and usual punishment. Petitioner's argument is premised upon the retroactive effect of *Miller v. Alabama,* which holds life without the possibility of parole is an Eighth Amendment violation for juveniles (those under 18); coupled with California's Senate Bill 261, which extends juvenile treatment for the purposes of parole to persons aged under 23 years at the time of their offense. Respondent filed an answer to the Petition and argues that Petitioner fails to meet the requirements of 28 U.S.C. § 2254(d). ECF No. 8. Petitioner filed a Traverse, expanding upon his claim. ECF No. 13.

This Court reviewed the Petition, Respondent's answer, the Traverse, and all supporting documents. After a thorough review, this Court finds that Petitioner is not entitled to the relief requested and **RECOMMENDS** that the Petition be **DENIED**.

## I. BACKGROUND FACTS

This Court quotes verbatim the following background from the California Court of Appeal's opinion. Lodgment 12. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a state court shall be presumed to be correct"); *Sumner v. Mata*, 449 U.S. 539, 545−47 (1981) (deference is owed to factual findings of state trial and appellate courts); *Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir. 2001) (paraphrasing facts from the state court opinion). Petitioner may rebut the presumption of factual correctness only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Slovik v. Yates*, 545 F.3d 1181, 1183 n.1 (9th Cir. 2008).

"In 1996, a jury convicted Petitioner Steven Thomas of first degree murder and found true the special circumstance allegations that the murder was committed during the commission of a robbery and during the commission of a kidnapping. Thomas was sentenced to a prison term of life without the possibility of parole. Thomas was 20 years old at the time of the offense."

Petitioner does not raise a challenge to any of these facts, and does not challenge his conviction.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997); Traverse, pg. 3:4-5. Under AEDPA, a federal court will not grant a habeas petition with respect to any claim adjudicated on the merits in state court, unless that adjudication was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on

an unreasonable determination of the facts in light of the evidence presented.[1] 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citation and quotations omitted).

In applying these standards, a federal court looks to the "last reasoned decision" from a lower state court to determine the rationale for the state courts' denial of the claim. *See Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). There is a presumption that a claim that has been silently denied by a state court was "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d), and that AEDPA's deferential standard of review therefore applies, in the absence of any indication or state-law procedural principle to the contrary. *See Johnson v. Williams*, 568 U.S. 289, 133 S. Ct. 1088, 1094 (2013) (citing *Harrington v. Richter*, 562 U.S. 86, 99 (2011)).

Petitioner initially raised his claim in a petition for habeas corpus in the San Diego Superior Court. Lodgment 9. The Superior Court denied the petition in a reasoned decision. Lodgment 10. Petitioner appealed the denial to California Court of Appeal, Fourth Appellate District. Lodgment 11. The Court of Appeal denied the petition in a reasoned decision. Lodgment 12. Petitioner appealed to the California Supreme Court, which summarily denied the Petition. Lodgment 13-14. Accordingly, under the "look through" doctrine, this Court reviews the decision of the California Court of Appeal to determine whether the decision "unreasonably applied" or was "contrary to" Supreme Court law or "unreasonably determined" the facts. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

---

[1] Petitioner's relies only on 28 U.S.C. § 2254 (d)(1), that the decision of state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Petition, pg. 4, ¶ 7(b).

3

## III. DISCUSSION

### A. Petitioner's Claim

Petitioner's argues his sentence is in violation of the Eighth Amendment. Petition, pg. 3. Petitioner asserts that clearly established Federal law holds mandatory sentencing a juvenile to life without the possibility of parole ("LWOP") constitutes cruel and unusual punishment. *Miller v. Alabama* ("*Miller*"), 567 U.S. 460, 132 S.Ct. 2455, 2469 (2012). Petitioner also points to the recent change to California's state law that grants a parole hearing to a "youth offender," defined as a person serving a sentence for an offense committed when under 23 years of age. Cal. Penal Code § 3051.

Petitioner acknowledges that California Penal Code § 3051(h) excludes offenders, such as himself, who were sentenced to LWOP from participation in parole eligibility. Traverse, pg. 5. However, Petitioner argues that Penal Code § 3051(h) was invalidated by *Montgomery v. Louisiana* ("*Montgomery*"), 136 S. Ct. 718, 725 (2016) (holding *Miller* applies retroactively) and that the combined effect of these laws results in the need for his resentencing. Traverse, pg. 8.

### B. The Court of Appeal Decision is Not Contrary to Clearly Established Federal Law

A state court's decision is "contrary to" clearly established federal law if: (1) the state court applies a rule that contradicts governing Supreme Court law; or (2) the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court but nevertheless arrives at a result that is different from the Supreme Court precedent. *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

Clearly established Federal Law continues to define a juvenile as a person under age 18. *Accord,* 18 U.S.C. § 5031 ("a 'juvenile' is a person who has not attained his eighteenth birthday"). As the California Court of Appeal noted, "*Miller* and its progeny expressly state that the holding in *Miller* applies only to criminal defendants under the age of 18." Lodgment 12.

The California Court of Appeal's decision was consistent with Federal law. Petitioner, whose crime was committed at age 20, cannot rely on Supreme Court authority applicable to juveniles. *Id.* Accordingly, the Court of Appeal's decision neither contradicts governing Supreme Court law, nor does Petitioner's case present a set of facts that are materially indistinguishable from Supreme Court precedent because the relevant Supreme Court cases all address offenders under the age of 18. *See Miller,* 132 S. Ct. at 2469; *Roper v. Simmons,* 543 U.S. 551, 568 (2005); *Graham v. Florida,* 560 U.S. 48, 74 (2010) (*as modified* July 6, 2010); *Montgomery,* 136 S. Ct. at 725.

### C. The Court of Appeal Decision is Not an Unreasonable Application of Clearly Established Federal Law

A state court's decision is based upon an "unreasonable application" of clearly established federal law if it applies the correct governing Supreme Court law but unreasonably applies it to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. at 412-13. A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Here, the Court of Appeal's application of federal law as prohibiting LWOP sentences for only juveniles, defined as those under the age of 18, is reasonable. No federal authority has extended the protections provided to juveniles to those over the age of 18 at the time of committing their respective offenses. *See Roper*, 543 U.S. at 574 ("…a line must be drawn … The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the line for death eligibility ought to rest."). *See also, In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (denying habeas request of petitioner aged 19 at time of crime where petitioner argued he had the mental age of 14, stating, "the *Roper* Court clearly held that a sentence of death may not be imposed upon an offender with a *chronological* age of less than 18.")

(emphasis in original); *Pritchard v. Wetzel*, No. CIV.A. 13-5406, 2014 WL 199907, at *3 (E.D. Pa. Jan. 16, 2014) (collecting District Court cases within the Third Circuit).

The Court of Appeal applied the correct governing law, and came to a reasonable conclusion. As the Court of Appeal notes, California's modification of a statute applicable only to parole eligibility does not alter the federal definition of a juvenile. Lodgment 12 ("Penal Code section 3051 did not create a new definition of 'juvenile' for purposes of the constitutionality analysis under *Miller*.").

### D. California's Penal Code § 3051 Does Not Alter Federal Authority or Application of Federal Law

Petitioner's argument improperly attempts to combine California law with the Constitutional substantive law outlined in *Montgomery*. Petitioner offers several intertwined arguments in this regard. However, that California may treat persons aged under 23 as juveniles does not change or extend the applicable substantive federal law that treats only those under the age of 18 as juveniles. For this reason, Petitioner fails to state a valid basis for federal habeas review.

Petitioner argues that California Penal Code § 3051(h), which excludes Petitioner from parole eligibility because he was sentenced to life without the possibility of parole, was invalidated by *Montgomery* because, as currently written, it denies parole eligibility to even those under the age of 18 who were sentenced to life without the possibility of parole. Traverse, pgs. 5, 8. Petitioner goes on to argue that the remainder of Penal Code § 3051 placed the Petitioner into a certain category of punishment," specifically, the category of persons under age 23 who should receive consideration of the factors of youth. Traverse, pg. 6. Petitioner argues that because California has placed him into this category, and that *Montgomery* addresses categories—not a specific age—and is applied retroactively, that these combine to direct that Petitioner be resentenced so that these factors may be considered. Traverse, pgs. 5-7.

In *Montgomery*, the Supreme Court affirmed that substantive rules of constitutional law apply retroactively. 136 S. Ct. at 729-730 (citing *Teague v. Lane*, 489 U.S. 288

(1989)). The Court explained that a substantive law is one that "prohibits 'a certain category of punishment for a class of defendants because of their status or offense.'" *Id.* at 732 (citing *Penry v. Lynaugh,* 492 U.S. 302, 330 (1989)). The Court held that *Miller* announced a substantive rule of constitutional law that must be given retroactive effect in collateral state court proceedings. *Id.* at 736. Specifically, that *Miller* held that life without parole was an unconstitutional penalty for the class of offenders with the status of juveniles, i.e., under the age of 18 and with all the attendant characteristics of youth, because a mandatory LWOP sentence would not permit the consideration of the "transient immaturity" of a juvenile offender. *Id.* at 733-34. Thus, to the extent *Montgomery* is retroactive, it applies only to those under the age of 18.

Federal habeas review does not confer jurisdiction on Federal Courts to alter State law. State legislatures are free to enact policy choices in their sentencing schemes. *Ewing v. California*, 538 U.S. 11, 25 (2003) ("Selecting the sentencing rationales is generally a policy choice to be made by state legislatures, not federal courts.") Senate Bill 261, codified at California Penal Code § 3051, expressly excludes persons sentenced to life without the possibility of parole, like Mr. Thomas, from participation in the new parole procedure. Cal. Pen. Code, § 3051(h). The effect of *Montgomery* does not alter this outcome for persons over the age of 18 at the time of their offense, including Petitioner.

Nor does the remainder of Penal Code § 3051 and the "category" analysis aid Petitioner's argument because the category at issue in *Montgomery* extends only to the category it addressed: juveniles as defined in federal law. The federal law definition of juvenile is well developed and includes only those who are under the age of 18. *Accord,* 18 U.S.C. § 5031; *Miller,* 132 S. Ct. at 2469; *Roper,* 543 U.S. at 568; *Graham v. Florida,* 560 U.S. at 74. It was not an unreasonable application of Supreme Court law for the California Court of Appeal to decline to extend the definition of "juvenile" farther than the bounds of the Supreme Court precedent, all of which only address cases of individuals under the age of 18. While California may have placed persons under the age

of 23 into the category of "juvenile" for the purposes of parole, California's categorization is not a "substantive rule of constitutional law" that must be given retroactive effect under *Montgomery*. For this reason, Petitioner's argument fails.

## IV. RECOMMENDATION

In sum, Petitioner's claim is reliant on federal law addressing protections afforded to juveniles. Clearly established federal law continues to define a juvenile as a person under age 18, excluding Petitioner whose crime was committed at age 20.

For the reasons set forth herein, Petitioner is not entitled to relief and this Court **RECOMMENDS** that the District Judge **DENY** it the Petition.

## V. CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **June 23, 2017**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **July 7, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 2, 2017

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge