# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN GARY THOMAS, | CASE NO. 16cv2986-WQH-NLS |
| Petitioner, | ORDER |
| v. | |
| ERIC ARNOLD, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation issued by the United States Magistrate Judge (ECF No. 14) and the Objections to the Report and Recommendation filed by Petitioner Steven Gary Thomas (ECF No. 15).

**I. Background**

On December 7, 2016, Petitioner, a state prisoner proceeding pro se, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his sentence of life without the possibility of parole for a crime committed at the age of twenty constitutes cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1).

On January 23, 2017, the Court issued an Order requiring a response to the Petition. (ECF No. 6).

On March 22, 2017, Respondent Eric Arnold filed an answer to the Petition. (ECF No. 8).

On April 19, 2017, Petitioner filed a traverse. (ECF No. 13).

On June 2, 2017, the United States Magistrate Judge issued a Report and Recommendation recommending that the Court deny the Petition. (ECF No. 14). The Report and Recommendation states that Petitioner "raises a single ground for relief, namely, that his sentence of life without the possibility of parole, for a crime he committed while aged 20, violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 1. The Report and Recommendation concludes that the state court's sentencing decision was not contrary to clearly established federal law or an unreasonable application of clearly established federal law. *Id.* at 4-5. The Report and Recommendation states, "Petitioner's claim is reliant on federal law addressing protections afforded to juveniles. Clearly established federal law continues to define a juvenile as a person under age 18, excluding Petitioner whose crime was committed at age 20." *Id.* at 8. The Report and Recommendation ordered that any objections to the Report and Recommendation must be filed no later than June 23, 2017 and any reply to must be filed no later than July 7, 2017. *Id.*

On July 10, 2017, Petitioner filed Objections to the Report and Recommendation. (ECF No. 15).

On November 2, 2017, the Court issued an Order requiring Respondent to file a response to the Objection filed by Petitioner on or before November 17, 2017. (ECF No. 23). On November 7, 2017, Respondent filed a Reply to the Objection. (ECF No. 24).

**II. Legal Standard**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416

F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

**III. Discussion**

Petitioner filed objections requesting that the Court reject the Report and Recommendation, grant the Petition, and remand for a new sentencing hearing. (ECF No. 15 at 7). Petitioner contends, "California's application of SB 261 would violate the equal protection clause and prohibition of disproportionate sentences (both 8th amendment violations) by excluding youth offenders under age 23 sentence to LWOP from parole consideration under California law (SB 261)." *Id.* at 7. Petitioner contends that the Report and Recommendation "failed to address the arguments under the equal protection clause and the disproportionality of the sentence in this case created by SB 261." *Id.* 4-5.

Respondent contends that the Court should overrule the objection because no equal protection violation exists. (ECF No. 24 at 4). Respondent contends that California Penal Code § 3051(h) does not violate the equal protection clause under rational relationship review. Respondent further contends that "any claim that there is a violation of the Equal Protection Clause cannot be the basis for relief because no Supreme Court case has ever addressed crimes committed by 20 year olds who have been given LWOP sentences." *Id.* at 6.

In his Petition, Petitioner challenged his sentence primarily on Eighth Amendment grounds. The Answer, Traverse, and Report and Recommendation address the Eighth Amendment claim. Petitioner contends that the Report and Recommendation failed to address his claim that SB 261 violates the equal protection clause. The Court may refuse to consider claims raised for the first time in objections to a report and recommendation. *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977

F.2d 1347 (9th Cir. 1992) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."). However, Petitioner briefly references the equal protection clause in his Petition. The Petition states, "In California Prisoners under the age of 23 are Similarly situated as an equivalent to Juveniles under the age of 18 pursuant to P.C. 3051 (a); 3051(e); 4801(c); and 2905. For the similarly situated model. See People v. Jeha, (2010) 187 Cal. App. 4th 1063, 1073." (ECF No. 1 at 9). The Petition also states,

> Given that the evidence outlined by the California legislators in SB261 was never considered by the sentencing court in sentencing petitioner to life without the possibility of parole it is requested that his sentence be recalled pursuant to Penal Code 1170(d)(2), under the equal protection clause, and the Eighth Amendment proscription against cruel and unusual punishment.

*Id.* at 11.[1]

IT IS HEREBY ORDERED that this action is referred to the Magistrate Judge for consideration of the equal protection issue raised in the Objection filed by Petitioner.

DATED: November 22, 2017

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Petitioner uses the same language in his Petition for Writ of Habeas Corpus to the Supreme Court of California. (ECF No. 9-43 at 9, 11).