UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARY THOMAS,<br><br>Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>Respondent. | Case No.: 3:16-cv-02986-WQH-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS** |

Petitioner Steven Thomas, a state prisoner proceeding *pro se* and *in forma pauperis,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his objections to the Report and Recommendation for an Order Denying the Writ, Petitioner raised an equal protection argument. ECF No. 15. The Respondent submitted a reply. ECF No. 24. The District Judge referred the matter for consideration of the equal protection issue. ECF No. 25.

This Court reviewed the Objections and reply.[1] After a thorough review, this Court continues to find that Petitioner is not entitled to the relief requested and **RECOMMENDS** that the Petition be **DENIED**.

---

[1] There appears to have been some confusion regarding a reply date to the Petitioner's objections in light of various requests for an extension of time to object. *See* ECF Nos.

1

I. **FACTUAL BACKGROUND**

Though previously included, due to the brevity of the facts of this case as taken from California Court of Appeal's opinion, they are recounted for ease of reference:

> In 1996, a jury convicted Petitioner Steven Thomas of first degree murder and found true the special circumstance allegations that the murder was committed during the commission of a robbery and during the commission of a kidnapping. Thomas was sentenced to a prison term of life without the possibility of parole. Thomas was 20 years old at the time of the offense.

Lodgment 12. Petitioner has not challenged these facts or his conviction. His challenge is limited to his sentencing. *See,* Petition ECF No. 1 at 3 ("Petitioner was sentenced in violation of the Eighth Amendment").

II. **PROCEDURAL BACKGROUND**

a. **Senate Bill 261**

Senate Bill 261 ("SB 261") amended California Penal Code section 3051, effective January 1, 2016. *See* Cal. Pen. Code § 3051. California Penal Code section 3051 provides, in certain circumstances, for a youth offender parole hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was under 23 years of age at the time of his or her controlling offense. Cal. Pen. Code § 3051(a)(1). The statute applies to those who meet the age requirement and who are sentenced to certain determinate or indeterminate terms, but does not apply to individuals who meet the age requirement and were sentenced to life in prison without the possibility of parole. Cal. Pen. Code §§ 3051(b)(1)-(3) and (h).

///

///

---

16-22. The District Judge ordered any reply be filed by on or before November 17, 2017. ECF No. 23. The Respondent complied, submitting a reply on November 7, 2017. ECF No. 24.

### b. Habeas Petition

Petitioner filed his petition arguing that in light of SB 261, his sentence of life without the possibility of parole, for a crime he committed while aged 20, violates the Eighth Amendment proscription against cruel and usual punishment. Petitioner argues that California's definition of a "youth offender" includes those whose crimes were committed under the age of 23 and because Federal Law makes the mandatory sentencing of a juvenile to life without the possibility of parole ("LWOP") cruel and unusual punishment, he is likewise being subjected to cruel and unusual punishment.[2] *See,* ECF No. 1; Cal. Penal Code § 3051; *Montgomery v. Louisiana* ("*Montgomery*"), 136 S. Ct. 718, 725 (2016) (holding *Miller* applies retroactively); *Miller v. Alabama* ("*Miller*"), 567 U.S. 460 (2012) (holding mandatory life without parole sentences for juveniles constitutes cruel and unusual punishment).

Petitioner acknowledged that California Penal Code § 3051(h) excludes offenders, such as himself, who were sentenced to LWOP from participation in parole eligibility, but argued that Penal Code § 3051(h) was invalidated by *Montgomery v. Louisiana* ("*Montgomery*"), 136 S. Ct. 718, 725 (2016) (holding *Miller* applies retroactively) and that the combined effect of these laws results in the need for his resentencing. Traverse, pgs. 5, 8.

On Report and Recommendation ("R&R"), this Court found that Petitioner was not entitled to habeas relief because, in sum, at the time of the offense he was not a juvenile under federal law (*i.e.* under the age of 18), and all Federal authority addressing juveniles is clear that it is applicable only to those under the age of 18. ECF No. 14.

---

[2] Effective January 1, 2018, amendments to Penal Code § 3051 extended the upper age to 25 years of age. Petitioner's argument relies on the age range of 18-23, which was operative at the time. The modification of the upper age limit to 25 is immaterial to the Court's analysis.

Petitioner objected to the R&R. Petitioner's objection appears to have abandoned the argument that his LWOP sentence constitutes cruel and unusual punishment based on his status as an juvenile under California law (*i.e.,* 18-23), and instead articulates an Equal Protection argument, that he is being treated differently under Penal Code §§ 3051 and 4801(c), because other offenders in the same age range (18-23) and with the same mental development are provided an opportunity for parole. ECF No. 15.

Since the time of Petitioner's objection, the California Legislature acted to clarify the relevant statute.

### c. Passage of Senate Bill 394

On October 11, 2017, California Governor Jerry Brown signed into law Senate Bill 394, which became effective January 1, 2018. Senate Bill 394 further amends Penal Code § 3051, and in particular, subdivision (h). The modifications to subdivision (h) are as follows, with new language in bold and italicized, and a strike-through for removed language.

> (h) This section shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or Section 667.61, or ***to cases*** in which an individual ~~was~~ ***is*** sentenced to life in prison without the possibility of ~~parole.~~ ***parole for a controlling offense that was committed after the person had attained 18 years of age.*** This section shall not apply to an individual to whom this section would otherwise apply, but who, subsequent to attaining ~~23~~ ***26*** years of age, commits an additional crime for which malice aforethought is a necessary element of the crime or for which the individual is sentenced to life in prison.

Cal. Penal Code Ann. § 3051 (compare versions effective January 1, 2018 and January 1, 2016-December 31, 2017). The legislative history associated with these modifications state: "This bill…[c]larifies that it does not apply to those with a life without parole sentence who were older than 18 at the time of his or her controlling offense." *California*

4

*Senate Rules Committee, Senate Floor Analysis re SB 394*: *Parole: youth offender parole hearings,* page 2 (September 15, 2017).[3]

### III. DISCUSSION

#### A. Petitioner's Equal Protection Argument

Petitioner argues that Penal Code sections 3051 and 4801(c) violate the Equal Protection Clause by unreasonably and arbitrarily excluding prisoners under the age of 23 sentenced to life without the possibility of parole from a hearing and parole consideration, while granting a parole hearing to other prisoners under the age of 23.[4] ECF No. 15 at 1, 3. Petitioner further avers that because Senate Bill 261 was based on mental development, and the development of all 18-23 year olds fall within the same category under California law, 18-23 year olds sentenced to LWOP should be given the same consideration of mitigating factors of youth at sentencing and an equal opportunity for parole as those sentenced to other terms. *Id.* at 2, 4-5. Petitioner asserts he is denied Equal Protection because "mitigating factors outlined in SB 261 (*see* P.C. 4801(c))" were not considered at Petitioner's sentencing hearing. *Id.* at 4.

#### B. Habeas Jurisdiction

Three courts in this Circuit have addressed similar Equal Protection challenges to Penal Code § 3051: *Soun v. Arnold*, 17-CV-05600-HSG (PR), 2017 WL 6039665, at *1 (N.D. Cal. Dec. 6, 2017); *Glass v. Kernan*, CV 16-07303 PA (RAO), 2017 WL 2296960,

---

[3] California Legislative Information website, under "Bill Analysis" for SB 394, *available at* https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id= 201720180SB394

[4] Penal Code section 3051 provides the statutory framework for an opportunity for a parole hearing for those offenders that committed their crimes when then were under the age of 25 (as of January 1, 2018, prior to that date the age cut off was 23). Penal Code section 4801(c) directs the Parole Board when conducting a hearing, to "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." Both statutes were amended consistently by SB 394 to address crimes by those aged 25 and younger effective January 1, 2018.

at *2 (C.D. Cal. Apr. 19, 2017), *report and recommendation adopted*, CV 16-07303 PA (RAO), 2017 WL 2296963 (C.D. Cal. May 23, 2017); and *Allen v. Kernan*, CV 16-4803 AB (RAO), 2016 WL 6652718, at *1 (C.D. Cal. Oct. 5, 2016), *report and recommendation adopted*, CV 16-04803 AB (RAO), 2016 WL 6652705 (C.D. Cal. Nov. 9, 2016). In two of the challenges, *Soun* and *Glass,* the courts denied the claims on the ground there was no habeas jurisdiction. In the remaining case, *Allen,* the court proceeded to address the merits and also denied the claim.

In *Soun* and *Glass,* the courts relied on the Ninth Circuit direction that to state habeas jurisdiction a claim must "necessarily lead to the [Petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017)). The *Soun* and *Glass* courts held petitions that request access to parole hearings fail to present habeas jurisdiction because a favorable outcome would only entitle the petitioner to a parole hearing, at which the parole board could, in its discretion, deny immediate or earlier release. *Soun,* 2017 WL 6039665, at *1 ("This Court lacks habeas corpus jurisdiction because a favorable judgment would not 'necessarily lead to [petitioner's] immediate or earlier release from confinement.'") (quoting *Nettles v. Grounds*, 830 F.3d at 935); *Glass,* 2017 WL 2296960, at *2 ("If it was determined that Senate Bill 261 violated the Equal Protection Clause and California was obligated to afford Petitioner a parole hearing, Petitioner would still not be entitled to immediate release or a shorter prison stay. At a hearing, the parole board could, in its discretion, decline to shorten Petitioner's prison term…"). *Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28.

However, in those cases it appears that the petitioners only sought access to parole hearings provided under the statutory framework of Penal Code § 3051. *Soun,* 2017 WL 6039665, at *1 ("Petitioner claims that Senate Bill 261 violates the Fourteenth

6

3:16-cv-02986-WQH-NLS

Amendment Equal Protection Clause and Eighth Amendment Cruel and Unusual Punishment Clause by denying him a youth offender parole hearing…"); *Glass,* 2017 WL 2296960, at *2 ("Petitioner seeks to be included in the class of youth offenders who are eligible for youth offender parole hearing"). Here, Petitioner requests re-sentencing, and in the alternative, access to a parole hearing. ECF No. 1 at 8, 10.

The Court finds the request for resentencing in this case is distinguishable from those cases in which it appears that *only* a parole hearing was requested. Thus, in an abundance of caution, and assuming Petitioner's request for resentencing establishes habeas jurisdiction, the Court will address the Equal Protection argument. *See also, Allen v. Kernan*, 2016 WL 6652718, at *1 (assuming a cognizable claim and addressing merits; finding no Equal Protection violation).

### C. Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997); Traverse, pg. 3:4-5. Under AEDPA, a federal court will not grant a habeas petition with respect to any claim adjudicated on the merits in state court, unless that adjudication was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented.[5] 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citation and quotations omitted).

In applying these standards, a federal court looks to the "last reasoned decision" from a lower state court to determine the rationale for the state courts' denial of the

---

[5] Petitioner's relies only on 28 U.S.C. § 2254 (d)(1), that the decision of state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Petition, pg. 4, ¶ 7(b).

claim. *See Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). There is a presumption that a claim that has been silently denied by a state court was "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d), and that AEDPA's deferential standard of review therefore applies, in the absence of any indication or state-law procedural principle to the contrary. *See Johnson v. Williams*, 568 U.S. 289, 133 S. Ct. 1088, 1094 (2013) (citing *Harrington v. Richter*, 562 U.S. 86, 99 (2011)).

This Court looks to the decision of the California Court of Appeal (Lodgment 12) to determine whether the decision "unreasonably applied" or was "contrary to" Supreme Court law or "unreasonably determined" the facts. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Here, the California Court of Appeal did not address an Equal Protection argument because Petitioner did not raise or articulate one to the Court of Appeal.[6] *See* Lodgment 11.

In his petition to the California Supreme Court, the Petitioner includes only the same brief reference that appears in his petition before this Court noted by the District Judge, but does not flesh out or articulate the substance of his argument. Lodgment 13; *see also,* ECF No. 1 at 11, ECF No. 25. Arguably, Petitioner did not "fairly present" this claim in State Court to satisfy the exhaustion requirements. *Shumway v. Payne*, 223 F.3d 982, 987 & n.15 (9th Cir. 2000) (naked reference to 'due process' was insufficient to state a federal claim); *Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."). The California Supreme Court denied the claim summarily. Lodgment 14.

---

[6] This Court undertook detailed review of the submissions to the California Superior Court (Lodgment 9) and Court of Appeal (Lodgment 11) and does not find that "Equal Protection" or "similarly situated" appear at any time.

This presents the Court with two procedural avenues, both of which result with reaching the merits of the claim, but each is addressed. First, if Petitioner's claim is exhausted, the standard of review is whether after an independent review of the state court record, the state court's denial of the claim was contrary to, or an unreasonable application of, clearly established Supreme Court law. Under this standard, as discussed, the claim is meritless.

Alternatively, Petitioner's Equal Protection claim is technically exhausted, but procedurally defaulted. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) ("[I]f a claim is unexhausted but [independent and adequate] state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice."); *Coleman v. Thompson*, 501 U.S. 722, 735, n. (1991). The procedural bar of *In re Dixon*, 41 Cal. 756, 759 (1953) (a defendant cannot raise a claim in a habeas corpus petition that he could have, but did not, raise on appeal), and California's timeliness rule, as explained in *In re Robbins*, 18 Cal. 4th 770, 780 (1998), have both been deemed independent and adequate state procedural bars. *Johnson v. Lee*, __ U.S. __, 136 S. Ct. 1802, 1805 (2016) (per curiam); *Walker v. Martin*, 562 U.S. 307, 317 (2011). If technically exhausted but procedurally defaulted, Petitioner must establish cause and prejudice or that a fundamental miscarriage of justice has occurred in order to overcome the default. *Coleman*, 501 U.S. at 750.

Cause for the purposes of procedural default is some "objective factor" that precluded Petitioner from raising this claim in state court, such as interference by state officials or constitutionally ineffective counsel. *McClesky*, 499 U.S. at 493-94. Petitioner does not allege any objective factor that precluded him from raising an Equal Protection argument in state court, and thus he has not established cause for the default. *Id.* Prejudice means "actual harm resulting from the alleged error." *Vickers*, 144 F.3d at 617. Petitioner has not shown he was prejudiced by imposition of the procedural bar because the claim fails on the merits, as discussed below. Nor has Petitioner established a fundamental miscarriage of justice would occur if the claim is not addressed. *See*

9

*Coleman*, 501 U.S. at 750. The "miscarriage of justice" exception requires a petitioner to show that "a constitutional violation has probably resulted in one who is actually [and factually] innocent." *Schlup*, 513 U.S. at 327; Wood, 130 F.3d at 379 ("actual innocence" means factual innocence, not simply legal insufficiency). Petitioner does not challenge his conviction, and has not presented evidence sufficient to establish he is actually innocent of the charges of which he was convicted. Thus, his Equal Protection claim is procedurally defaulted. *Schlup*, 513 U.S. at 327.

However, the Ninth Circuit has indicated that: "Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same." *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002), citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.") However, as set forth below, Petitioner's Equal Protection Claim fails on the merits.

The Court finds that the interests of judicial economy support addressing the merits without further determining whether the claim is properly exhausted, technically exhausted, or procedurally defaulted.

### D. Equal Protection Analysis

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotations and internal citation omitted). This requires a petitioner to show that he was intentionally treated differently because of his membership in an identifiable group or a constitutionally suspect class. *See, e.g.*, *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 n.3, (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause.") (citation omitted); *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1064 (9th

10

3:16-cv-02986-WQH-NLS

Cir. 2014) (stating that a classification group "must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified") (quotations and citation omitted).

Petitioner's objection appears to argue two theories of Equal Protection violation: First, that his sentence of life without the possibility of parole violates Equal Protection because mitigating factors outlined in *Miller* and Penal Code § 3051 were not considered at his sentencing, but are for other 18-23 year olds. Second, that the California statutory framework that provides Youth Offender Parole Hearings violates Equal Protection by treating similarly situated 18-23 year old offenders, all of whom have the same mental development, differently in denying the opportunity for parole to those sentenced to LWOP but presenting an opportunity for parole to the remainder of 18-23 year olds. *See* ECF No. 15.

At the outset, Petitioner fails to establish that he is similarly situated to 18-23 year olds who were convicted of other crimes but not sentenced to LWOP. *See Allen v. Kernan,* 2016 WL 6652718, at *3 ("Petitioner … is not similarly situated to persons who were convicted of less serious crimes"); *People v. Jacobs,* 157 Cal. App. 3d 797, 803 (1984) ("persons convicted of *different* crimes are not similarly situated for equal protection purposes") (emphasis in original). Here, Petitioner was convicted of first degree murder with special circumstances. Petitioner is not similarly situated to other offenders convicted of different crimes that resulted in the opportunity for parole as part of their sentence. *Allen v. Kernan,* 2016 WL 6652718, at *3. Moreover, the mitigating factors of youth outlined in both Penal Code §§ 3051 and 4081 are, by their plain language, applicable and to be considered during parole hearings, the statutes have no applicability to sentencing.[7] Similarly, *Miller* remains applicable only to those under the

---

[7] Petitioner cites to two cases in his objection where the California Court of Appeal remanded certain cases for consideration of youth based mitigating factors. In neither case was the sentence LWOP. In *People v. Perez,* 3 Cal.App.5th 612 (2016) a 20 year

11

age of 18, so consideration of factors of youth during sentencing under *Miller* does not extend to Petitioner's circumstances. To the extent factors of youth are considered at sentencing for other 18-23 year olds, it is to develop a record for use at a parole hearing. *See, People v. Perez,* 3 Cal.App.5th 612 (2016). A condition precedent for the applicability of either section of the Penal Code is eligibility for parole. Petitioner is not eligible. That other offenders convicted of different crimes and sentenced differently are eligible does not present a constitutional violation because they are not similarly situated.

Nor do Petitioner's arguments establish that he is part of a suspect class or group subject to protection.[8] "Prisoners who are or are not eligible for parole are not a suspect class." *Allen v. Kernan,* 2016 WL 6652718, at *5, n.3. Thus, to survive an Equal Protection challenge, the California legislature's decision to exclude those sentenced to life in prison without the possibility of parole from Penal Code §§ 3051 and 4081(c) need only be rationally related to a legitimate state interest. *Id.* at *5, see also, City of Cleburne*, 473 U.S. at 440.

State legislatures are free to enact policy choices in their sentencing schemes. *Ewing v. California*, 538 U.S. 11, 25 (2003) ("Selecting the sentencing rationales is generally a policy choice to be made by state legislatures, not federal courts.") Recently,

---

old convicted of attempted murder (a different crime) received a sentence of 86 years to life (not LWOP). Remand was limited to develop the record for consideration at future parole hearings because defendant was eligible for parole under Penal Code § 3051. This case is distinguishable. *People v. Franklin*, 63 Cal.4th 261 (2016) involved a defendant whose crime was committed when he was aged 16.

[8] Petitioner also cannot proceed as a "class of one" because he is similarly situated to other offenders aged 18-23 sentenced to LWOP, all of whom are treated alike: none become eligible for parole under the statutory framework of Penal Code § 3051 or by application of *Miller* and its progeny. *See Allen v. Kernan,* 2016 WL 6652718, at *4 ("To proceed on the class-of-one theory, the plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.") (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Senate Bill 394, codified at California Penal Code § 3051, was clarified to expressly exclude persons who were over the age of 18 at the time they committed their crime and sentenced to life without the possibility of parole, like Petitioner, from participation the parole procedure. Cal. Pen. Code, § 3051(h). As the *Allen v. Kernan* court found, "Senate Bill 261 is rationally related to California's interest in public safety." 2016 WL 6652718, at *5. This Court agrees and finds the analysis is applicable to both Senate Bills 261 and 394 and so quotes from *Allen v. Kernan*:

> SB 261 is rationally related to California's interest in public safety, which is a legitimate state interest. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (health and safety are legitimate state interests); *see also People v. Martinez*, 76 Cal. App. 4th 489, 497-98 (1999) (public safety is a legitimate state interest). California "has a legitimate interest in sentencing persons convicted of murder more severely than those convicted of other crimes." *Blazer v. Scribner*, 2009 WL 1740829, at *16 (C.D. Cal. June 17, 2009) (citation omitted).

Here, the California legislature could rationally conclude that the state had a compelling interest in enhancing public safety by deciding that prisoners whose crimes were committed when they were over the age of 18 and serious enough to receive a sentence of LWOP should not become eligible for parole. *See Graham v. Florida,* 560 U.S. 48, 75 (2010).

### E. RECOMMENDATION

Petitioner fails to state a claim based on Equal Protection. For the reasons set forth herein, Petitioner is not entitled to relief and this Court **RECOMMENDS** that the District Judge **DENY** the Petition.

### F. CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

1  **IT IS ORDERED** that no later than **January 16, 2018**, any party to this action may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **January 26, 2018**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 3, 2018

/s/ Nita L. Stormes
Hon. Nita L. Stormes
United States Magistrate Judge