UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN GARY THOMAS, | Case No.: 16cv2986-WQH-NLS |
| Plaintiff, | **ORDER** |
| v. | |
| ERIC ARNOLD, Warden, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the review of two Reports and Recommendations issued by the United States Magistrate Judge (ECF Nos. 14, 26) with respect to a Petition for Writ of Habeas Corpus filed by Petitioner Steven Gary Thomas pursuant to 28 U.S.C. § 2254 (ECF No. 1).

**I. BACKGROUND**

On December 7, 2016, Petitioner, a state prisoner proceeding pro se, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his sentence of life without the possibility of parole for a crime committed at the age of twenty constitutes cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1). Petitioner further asserts that he is entitled to habeas

relief because California Penal Code sections 3051 and 4801(c) violate the equal protection clause.[1]

On January 23, 2017, the Court issued an Order requiring a response to the Petition. (ECF No. 6).

On March 22, 2017, Respondent Eric Arnold filed an answer to the Petition. (ECF No. 8).

On April 19, 2017, Petitioner filed a traverse. (ECF No. 13).

On June 2, 2017, the United States Magistrate Judge issued a Report and Recommendation recommending that the Court deny the Petition. (ECF No. 14). The Report and Recommendation states that Petitioner "raises a single ground for relief, namely, that his sentence of life without the possibility of parole, for a crime he committed while aged 20, violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 1. The Report and Recommendation concludes that the state court's sentencing decision was not contrary to clearly established federal law or an unreasonable application of clearly established federal law. *Id.* at 4–5. The Report and Recommendation states, "Petitioner's claim is reliant on federal law addressing protections afforded to juveniles. Clearly established federal law continues to define a juvenile as a person under age 18, excluding Petitioner whose crime was committed at age 20." *Id.* at 8.

On July 10, 2017, Petitioner filed Objections to the Report and Recommendation. (ECF No. 15). Petitioner stated, "California's application of SB 261[2] would violate the

---

[1] The Petition only briefly references this equal protection claim. Petitioner further develops this argument in his Objections filed in response to the first Report and Recommendation issued by the Magistrate Judge.
[2] Senate Bill 261 ("SB 261") amended California Penal Code section 3051, effective January 1, 2016. *See* Cal. Pen. Code § 3051. Following SB 261, California Penal Code section 3051 provided, in certain circumstances, for a youth offender parole hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was under 23 years of age at the time of his or her controlling offense. Cal. Pen. Code § 3051(a)(1). Effective January 1, 2018, amendments to Penal Code section 3015 extended that age requirement to prisoners under the age of 25. The statute does not apply

equal protection clause and prohibition of disproportionate sentences (both 8th amendment violations) by excluding youth offenders under age 23 sentence to LWOP from parole consideration under California law (SB 261)." *Id.* at 7. Petitioner argued that the Report and Recommendation "failed to address the arguments under the equal protection clause and the disproportionality of the sentence in this case created by SB 261." *Id.* 4–5.

On November 2, 2017, the Court issued an Order requiring Respondent to file a response to the Objection. (ECF No. 23). On November 7, 2017, Respondent filed a reply. (ECF No. 24).

On November 22, 2017, this Court issued an Order referring this matter to the Magistrate Judge for consideration of the equal protection issue raised in Petitioner's Objections.[3] (ECF No. 25).

On January 3, 2018, the Magistrate Judge issued a second Report and Recommendation addressing the equal protection claim. (ECF No. 26). The Magistrate Judge again recommends that the Court deny the Petition because Petitioner fails to state an equal protection claim and is not entitled to relief. The Report and Recommendation concludes that the equal protection claim is procedurally defaulted because Petitioner could have but failed to raise the claim on appeal and has failed to establish any cause and prejudice or fundamental miscarriage of justice sufficient to overcome the default. The Report and Recommendation also concludes that the equal protection claim fails on the merits. The Report and Recommendations states "Petitioner fails to establish that he is similarly situated to 18–23 year olds who were convicted of other crimes but not sentenced to LWOP." *Id.* at 11. Further, the Report and Recommendation concludes that Petitioner

---

to those who were sentenced to life in prison without the possibility of parole for a controlling offense committed after the person had attained 18 years of age. Cal. Pen. Code § 3051(h).

[3] In his Petition, Petitioner challenged his sentence primarily on Eighth Amendment grounds. The Answer, Traverse, and Report and Recommendation address the Eighth Amendment claim. However, Petitioner references the equal protection clause in his Petition. (ECF No. 1).

3

is not part of a suspect class and that Senate Bills 291 and 394, codified at California Penal Code section 3051, are rationally related to California's interest in public safety. The Report and Recommendation states, "Here, the California legislature could rationally conclude that the state had a compelling interest in enhancing public safety by deciding that prisoners whose crimes were committed when they were over the age of 18 and serious enough to receive a sentence of LWOP should not be eligible for parole." *Id.* at 13.

The Magistrate Judge stated that any objections to the Report and Recommendation must be filed no later than January 16, 2018 and that any replies must be filed no later than January 26, 2018. *Id.* at 14. On February 1, 2018, the Court granted Petitioner an extension of time to file objections. (ECF No. 28). The record reflects that no objections have been filed and the filing deadline set by the Court has now passed.

## II. RULING OF THE COURT

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Court has reviewed the two Reports and Recommendations, Petitioner's objections to the initial Report and Recommendation, the record, and the submissions of the parties. The Court finds that the Magistrate Judge correctly concluded that neither the

4

Eighth Amendment claim, nor the equal protection claim provided grounds for habeas relief. The Court finds that the Magistrate Judge correctly recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice. The Reports and Recommendations are adopted in their entirety. (ECF Nos. 14, 26).

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Petitioner has raised colorable, nonfrivolous arguments with respect to both the Eighth Amendment and equal protection claims. The Court grants a certificate of appealability with respect to both claims for relief.

///

///

///

///

///

5

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Reports and Recommendations (ECF Nos. 14, 26) are ADOPTED in their entirety. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. A certificate of appealability is granted with respect to both the Eighth Amendment and equal protection claims for relief.

Dated: March 22, 2018

Hon. William Q. Hayes
United States District Court